UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEXANDER J. WEINBERG, *individually and on behalf of all others similarly situated*,

                                        Plaintiff,

                    v.

CKS FINANCIAL, LLC,

                                        Defendant.

**MEMORANDUM AND ORDER**
19-CV-2666 (LDH) (RML)

---

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Alexander J. Weinberg, individually and on behalf of all similarly situated, asserts a claim pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") against Defendant CKS Financial Inc. for failing to notify him of his validation rights, as required by the statute.[1]  Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety for failure to state a claim.

## BACKGROUND[2]

At some time prior to June 25, 2018, Defendant acquired Plaintiff's $4,733.52 defaulted debt to Lending Club Corp.  (*See* Compl. ¶¶ 29–31, ECF No. 1; Compl., Ex. 1, ECF No. 1-1.)  Plaintiff received a collection letter dated June 25, 2018 (the "Letter") from Defendant.  (Compl. ¶ 31.)  The Letter is two pages in length, printed on one page back and front.  (Compl., Ex. 1.)  The first page of the Letter identifies the current and original creditors and contains certain

---

[1] Count one in the complaint was voluntarily dismissed with prejudice, leaving only count two remaining.  (ECF No. 11.)

[2] The following facts are taken from the complaint and attached exhibit and are assumed true for the purpose of this memorandum and order.  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (On a motion to dismiss, a court's review is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.").

itemized account details, including the total amount due on the account.  (*See id.* at 1.)  The validation notice is set out in the second paragraph of the Letter's first page.  (Compl. ¶ 79; Compl., Ex. 1 at 1.)  It states, "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification."  (Compl. Ex. 1.)  The remaining three paragraphs (none of which are longer than two lines) inform Plaintiff of how he can manage his account and contact Defendant.  (*See id.*) Below (the "Emphasized Language") states, "**NOTICE: SEE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION.**" (*Id.* (emphasis in original).)  The reverse-side of the Letter contains state-specific disclosures.  (*Id.* at 2.)  With the exception of the Emphasized Language, the typeface used in the Letter is 12-point font size throughout, without variation.  (*See id.*)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id.*  While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so,

it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*.

(citations omitted).

## DISCUSSION

Section 1692g(a) of the FDCPA requires debt collectors provide a validation notice to a

debtor, which includes:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  The debt collector "has the obligation, not just to convey the information,

but to convey it clearly." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir.

2008).  "[A] debt collector violates § 1692g(a), even if the collector includes an accurate

validation notice, if that notice is overshadowed or contradicted by other language in

communications to the debtor." *Id*.  The Court must ask whether "the notice fails to convey the

required information clearly and effectively and thereby makes the least sophisticated consumer

uncertain as to the meaning of the message." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216

(2d Cir. 2017) (internal quotations omitted).  Plaintiff argues that the Emphasized Language

operates to overshadow the validation notice and constitutes intentional misdirection.  (*See* Pl.'s

Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp.") 9–12, ECF No. 14-2.)  The Court disagrees.

"[E]ven the least sophisticated consumer can be presumed to possess a rudimentary

amount of information about the world and a willingness to read a collection notice with some

care." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).  In other words, a debt-collection letter should be read "as a whole" to determine whether it is "reasonably susceptible to misinterpretation or likely to cause a debtor to misunderstand his rights."  *Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 59 F. App'x 406, 409 (2d Cir. 2003) (summary order).  Assuming that the Letter would be read with some care, the Court finds that the validation notice is not overshadowed or misdirected.

The Letter is brief and the validation rights are in the second short paragraph of the text. (*See* Compl. Ex. 1 at 1.)  Nothing in the Letter contradicts the validation rights.  The text is all uniform in font size, and there is no formatting that would distract the least sophisticated consumer.  That the Emphasized Language at the bottom of the notice instructs the consumer to read the reverse side of the Letter is of no consequence.  Indeed, this finding is supported by two recent cases in this district that were decided on a nearly identical set of facts:  *Park v. Forster & Garbus, LLP* and *Musarra v. Balanced Healthcare Receivables, LLC*.

In *Park*, the validation notice appeared "prominently" in the second paragraph on the front page of the letter.  *Park v. Forster & Garbus, LLP*, 19-CV-3621, 2019 WL 5895703, at *7 (E.D.N.Y. Nov. 12, 2019).  Further down the page, the letter instructed the consumer to "**SEE IMPORTANT INFORMATION ENCLOSED**."  *Id.* (emphasis in original letter).  None of the legally mandated notices that appeared on the reverse side of the letter contradicted the enumerated validation rights on the front side.  *Id.*  The *Park* court rejected the plaintiff's arguments related to misdirection and overshadowing, and found that the collection letter did not misdirect the least sophisticated consumer from the validation notice.  *Id.*; *see also Musarra v. Balanced Healthcare Receivables, LLC,* No. 19-CV-5814, 2020 WL 1166449, at *6 (E.D.N.Y. Mar. 11, 2020) (finding same where the letter was "identical to the letter at issue in *Park*" and

4

the plaintiff brought "an almost identical overshadowing claim").  Analogous facts compel the same finding here.

Plaintiff presses that the validation notice is overshadowed by the Emphasized Language on the bottom of the Letter, a finding he contends is supported by *Papetti v. Rawling Rin. Servs., LLC.*, 121 F. Supp. 3d 340 (S.D.N.Y. 2015).  (Pl.'s Opp. 11-12.)  Plaintiff has ignored the facts of *Papetti* completely.  In *Papetti*, the debt-collector defendant sent the plaintiff two documents enclosed in a single envelope.  *Id.* at 344–45.  The first document was a debt collection letter printed on the defendant's letterhead, which ended by instructing the recipient to **"SEE REVERSE SIDE FOR IMPORTANT INFORMATION."**  *Id.* at 345.  But the reverse side was, in fact, blank.  *Id.*  The second document in the envelope contained the validation notice, but was not stapled or affixed to the collection letter, was not on the defendant's letterhead, and was not addressed to the plaintiff.  *Id.*  On those facts, the *Papetti* court found that this "misdirection" was "problematic" because "debt collectors should expect the consumer to follow clear instructions in debt collection letters."  *Id.* at 349 (citing *McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002)).  There was no such misdirection here as the validation notice was on the first page, and not contradicted by anything on the reverse side of the page.

Tellingly, the Second Circuit has looked at letters where the § 1692g validation notice was printed on the reverse side of a debt collection letter and the debtor was pointed to that language, and found them to be not violative of the FDCPA.  *See, e.g.*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 310 (2d Cir. 2003) ("Where a validation notice plainly specifies that FDCPA contact must be in writing, and nothing on the front of the letter suggests in any way that an instruction to call was intended to override the requirements outlined in the validation notice, we do not believe that a reasonable consumer—having twice been instructed to review

the validation notice *before* taking any further action—who wished to exercise his or her FDCPA validation rights could be misled into thinking that the clear obligation to request validation in writing was somehow modified by either the invitation to call if appropriate or the four options on the bottom of the letter."); *McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) ("[W]e hold that when a prominent instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back. So long as nothing on the front of the letter overshadows or contradicts the validation notice, the FDCPA does not require the notice to be printed on the front."). Certainly, if the least sophisticated consumer can be expected to read the second page of a debt collection letter, he can reasonably be expected to read the first page. As the validation notice is on the front page of the Letter, and is not overshadowed or contradicted by the text on either side of the notice, it is legally sufficient.[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
September 8, 2020

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

[3] Plaintiff's remaining arguments citing to out-of-circuit authority are not persuasive. *See Park*, 2019 WL 5895703, at *7 (rejecting arguments based on many of the same out-of-circuit cases). For example, in *Sharpe v. Midland Credit Management*, the court considered a letter in which the validation notice was located on the reverse-side of the debt collection letter. 269 F. Supp. 3d 648, 654 (E.D. Pa. 2017). The *Sharpe* court found several factors taken together—namely that the reverse side of the letter contained instructions to return to the front page of the letter, confusing and contradictory instructions with respect to the location of the debtor's rights, and the small and inconspicuous font of the validation notice—could make the "least sophisticated debtor" uncertain as to her rights. *Id.* at 655–56. This confluence of factors is not analogous to the Letter in this case.